UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LOUIS CODIANNI                )<br>          Plaintiff                     )<br>                                         )<br>v.                                      )<br>                                         )<br>DISCOVER FINANCIAL SERVICES, LLC,  )<br>                                         )<br>          Defendant                  )<br>_____ ) | CIVIL ACOUNT<br><br>COMPLAINT<br><br>TRIAL BY JURY DEMANDED<br><br>DECEMBER 2, 2011 |

## I.  INTRODUCTION

1. This is a suit brought by a consumer, Louis Codianni, against Defendant Discover Financial Services, LLC, for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

## II.  PARTIES

2. Plaintiff, Louis Codianni, is a natural person residing in East Haven, Connecticut.  Plaintiff is a consumer as defined by the FCRA, 15 U.S.C. § 1681a(c), and as defined by the FDCPA, 15 U.S.C. § 1692a(3).

3. Defendant Discover Financial Services, LLC. ("Discover") is a Delaware corporation and is a furnisher of information to consumer reporting agencies as defined by the FCRA, 15 U.S.C. § 1681s-2.

## III.  JURISDICTION

4. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331 and 1337, and Fed. R. Civ. P. 18(a).

5. This Court has jurisdiction over the defendant because it regularly conducts business in this state.

6. Venue in this Court is proper, as the Plaintiff is a resident of Connecticut and the violations that are the subject of this litigation occurred within this State.

## IV. FACTUAL ALLEGATIONS

7. On or around March 2000, Plaintiff opened a consumer credit card account with Discover.

8. On or around December 2008, Plaintiff's wallet was lost or stolen.

9.  After the wallet was lost or stolen, Plaintiff's Discover Card was fraudulently used to make purchases.

10. Plaintiff notified Discover of the theft and the fraudulent charges via telephone.

11.  At Discover's request, Plaintiff completed a fraud affidavit and returned it, along with a police report, to Discover via certified mail.

12.  Subsequently, Discover notified Plaintiff that it would not credit his account for the fraudulent purchases because Plaintiff had not provided proof of fraud to its satisfaction.

13.  On or around April 26, 2009, Plaintiff sent a letter to Discover by certified mail, requesting that it provide him with the basis for its decision not to credit Plaintiff's account for the fraudulent charges.

14. On or around July 12, 2009, Plaintiff sent a second letter to Discover by certified mail, requesting that Discover provide him with the basis for its decision not to credit Plaintiff's account for the fraudulent charges.

15. Discover reported the disputed accounts to the three major consumer reporting agencies, TransUnion, Experian, and Equifax without acknowledging that Plaintiff had disputed his responsibility for the balance claimed by Discover.

16. On March 2, 2011, Plaintiff, through counsel, notified TransUnion, Experian and Equifax that Plaintiff disputed the information furnished to them by Discover.

17. Each of the consumer reporting agencies informed Discover that Plaintiff had disputed the information on his report and requested that Discover determine whether the information reported was accurate.

18. Discover failed to perform an adequate investigation into its own records and verified to the three consumer reporting agencies that the information was accurate without including a statement that Plaintiff had disputed the debt.

19. On April 15, 2011, Equifax provided a confirmation to Plaintiff that showed the Discover account as $4,280 past due.

20. On April 6, 2011 Trans Union provided a credit report to Plaintiff that showed Discover's debt charged off and verified in March 2011 as valid by Discover.

21. On May 10, 2011, Plaintiff received a letter from TD Bank, N.A. denying Plaintiff's application for an automobile loan, citing information from TransUnion and Equifax as its reason for the denial.

22. On June 10, 2011, Plaintiff received a letter from Sikorsky Financial Credit Union ("SFCU") declining to extend credit to Plaintiff, citing information from TransUnion as its reason for the denial.

**FIRST CAUSE OF ACTION**
**Violations of Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.***

23. Plaintiff incorporates Paragraphs 1-22.

24. Discover is a person as that term is defined by the FCRA, § 1681a(b), and a furnisher of information to consumer reporting agencies as contemplated by the FCRA, § 1681s-2.

25. Pursuant to FCRA § 1681s-2(b), Discover has a duty to perform a reasonable investigation in response to consumer disputes, such as those Plaintiff lodged with Trans Union, Experian, and Equifax. Discover knew or should have known, when it received notice of Plaintiff's dispute of the account from Trans Union, Experian, and Equifax, that Plaintiff disputed the account because it had received notice of Plaintiff's dispute via Plaintiff's fraud affidavit and letters dated April 26, 2009 and July 12, 2009.

26. Discover violated FCRA § 1681s-2(b) by failing to properly investigate Plaintiff's dispute when requested to do so by Trans Union, Experian, and Equifax and failure to inform the consumer reporting agencies that Plaintiff disputed the debt in response to the investigation that Plaintiff disputed the account.

27. Discover's failure to correct the disputed information and its continued reports to third parties stating Plaintiff owed Discover over $8,000 constitutes willful and/or negligent violations of FCRA § 1681s-2(b).

28. As a result of Discover's failure to correct the disputed information, Plaintiff was denied credit on several occasions with Sikorsky Financial Credit Union, Inc. and T.D. Bank, N.A.

29. For its willful violations of the FCRA, Discover is liable to Plaintiff for actual damages, attorney's fees, costs, and punitive damages pursuant to FCRA § 1681n.

30. For its negligent violations of the FCRA, Discover is liable to Plaintiff for actual damages, attorneys' fees, and costs pursuant to FCRA § 1681o.

**SECOND CAUSE OF ACTION**
**Violations of Creditor Collection Practices Act, Conn. Gen. Stat. § 36a-645** *et seq.*

31. Plaintiffs incorporate Paragraphs 1-28.

32. Discover violated the Creditor Collection Practices Act ("CCPA"), Conn. Gen. Stat. § 36a-645 and regulations promulgated thereunder by the Connecticut Department of Banking, including Conn. Agencies Reg., § 36a-647-5(14), by refusing to make a reasonable effort to determine the validity of the disputed debt.

33. Discover also violated Conn. Agencies Reg. § 36a-647-6(2)(A) by making false statements regarding the legal status of the debt; specifically, by representing to Plaintiff and reporting to TransUnion that it had verified the Debt as valid in March 2011.

34. For Discover's unfair acts, Plaintiff seeks his damages, statutory damages, and attorney's fees and costs pursuant to the Public Act No. 07-176.

WHEREFORE, Plaintiff seeks recovery of monetary damages; statutory damages pursuant to 15 U.S.C. § 1681n; punitive damages pursuant to 15 U.S.C. § 1681n; costs and attorney's fees pursuant to 15 U.S.C. § 1681n; damages, costs and attorney's fees pursuant to 15 U.S.C. § 1681*o*; statutory damages of up to $1,000 pursuant to Public Act No. 07-176; costs and attorney's fees pursuant to Public Act No. 07-176; and such other relief as this Court deems appropriate.

PLAINTIFF LOUIS CODIANNI

By: /s/Daniel S. Blinn
    Daniel S. Blinn, Fed Bar No. ct0218
    Consumer Law Group, LLC
    35 Cold Spring Rd. Suite 512
    Rocky Hill, CT  06067
    Tel. (860) 571-0408  Fax. (860) 571-7457
    dblinn@consumerlawgroup.com